Foy *et al. v.* The Board of Commissioners of Ripley County.

*H. W. Harrington* and *C. A. Korbly*, for appellant.

*C..E. Walker*, for appellee.

———•———

FOY ET AL. *v.* THE BOARD OF COMMISSIONERS OF RIPLEY COUNTY.

COUNTY AUDITOR.—*Delinquent List.*—The county auditor was power to make a contract for the publication of the delinquent taxes; and where such contract is made, although the publication be not in time, yet if this results not from fault in the publisher, he is entitled to recover from the county on his contract.

APPEAL from the Ripley Common Pleas.

DOWNEY, J.—The appellants, the board having refused to allow their claim, sued the appellee to recover for printing and publishing the list of delinquent taxes. The defendant, in addition to other answers which were held bad on demurrer, pleaded, first, the general denial; and, second, that the newspaper of the plaintiffs in which the notice was published

was not of general circulation in the county. After a denial of the second paragraph of the answer, the cause was tried by a jury, and there was a verdict for the defendant. The plaintiffs moved for a new trial, for the reason, among others, that the evidence was not sufficient to sustain the verdict. This motion was overruled, the plaintiffs excepted, and final judgment was rendered for the defendant. The evidence is in the record.

We have examined the evidence, which is properly in the bill of exceptions (we cannot consider the original newspapers appended to the record as part of it), and think that a new trial should have been granted. The contract made with the plaintiffs by the county auditor, for the publication of the delinquent list, is clearly proved. The auditor had power to make the contract. The law intrusts that duty to him. 3 Ind. Stat. 518, sec. 143.

The work was done; and though not done in the best style of the art, as shown by the evidence, it was done reasonably well, and to the satisfaction and acceptance of the auditor, as he testifies.

The notice is dated January 9th, 1867, and it was inserted in the issues of January 9th, 16th, 23d, and 30th. The sale was to take place on the first Monday of February, 1867. If this publication was not in time to justify the sale at that date, we do not think the printer should, on that account, lose the pay for the work. He seems to have published it as soon as he could do so, after it was made out and furnished to him by the auditor. If the auditor was guilty of an omission or violation of duty in not preparing the list for publication in time, or in causing it to be published at such time as would not be legal notice of the sale, let him answer as to that.

If it was necessary that the plaintiffs should make proof that the newspaper had general circulation in the county, after the auditor had made choice of it in which to publish the list, had made the contract, and the work had been done, then we think the evidence on that point was sufficient. A

competent witness, who was acquainted with the facts, testified that the paper had subscribers in every township in the county, and that its circulation amounted to two hundred and fifty copies. Several other witnesses testified that the paper had a general circulation in the county.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*S. M. Jones, J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellants.